UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MOHAMMED AFZALI,

      *Petitioner*,

v.                                       Case No. 3:26-cv-31-JEP-PDB

DEPARTMENT OF HOMELAND
SECURITY, et al.,

      *Respondents*.

_____/

## **ORDER**

Petitioner, an immigration detainee at Baker Correctional Institute, is proceeding on an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 4). Petitioner argues that his prolonged detention violates the Fifth Amendment's Due Process Clause as the Supreme Court construed it in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 4 at 6-7). He asks the Court to order his immediate release. (*Id.* at 7).

On April 17, 2026, the Court found that Petitioner had met his initial burden under *Zadvydas*, and that the Federal Respondents failed to "respond with evidence sufficient to rebut [Petitioner's] showing." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). (Doc. 14). Thus, the Court directed the

Federal Respondents to file a supplemental response. (*Id.*). They have now done so. (Doc. 17).

In the supplemental response, the Federal Respondents assert that U.S. Immigration and Customs Enforcement ("ICE") "contends that [t]here is a significant likelihood that Petitioner will be removed from the United States within the reasonably foreseeable future." (*Id.* at 1). They rely on a declaration submitted by an Assistant Field Office Director, who avers in pertinent part: "In fiscal year 2026, ICE has nominated Afghan nationals to planned charters and has been able to remove numerous Afghan nationals to other countries leveraging their personal nexus to these countries. [Petitioner] has been nominated for a planned removal charter in the month of May." (Doc. 17-1 at 2).

Based on the evidence presented, the Court finds that the Federal Respondents have failed to show a significant likelihood that Petitioner will be removed in the reasonably foreseeable future. The Federal Respondents provide no explanation of what it means to be "nominated for a planned removal charter," the likelihood that Petitioner will be removed on such a charter within the next month, or any other details that would allow the Court to find that they have met their burden under *Zadvydas*. Therefore, Petitioner is entitled to release from detention. However, Petitioner's release "shall be subject to supervision under regulations prescribed by the Attorney General."

8 U.S.C. § 1231(a)(3); *Zadvydas*, 533 U.S. at 699–700 (holding that when continued detention is unreasonable because removal is not reasonably foreseeable, "the alien's release may and should be conditioned on any of the various forms of supervised release.").[1]

Accordingly, it is **ORDERED**:

1. Petitioner's amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 4) is **GRANTED** as to his *Zadvydas* claim. Respondents shall release Petitioner, subject to supervision pursuant to 8 U.S.C. § 1231(a)(3), **within 48 hours** of this Order, and they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

2. The Clerk is **DIRECTED** to enter judgment granting the amended petition, terminate any motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida on April 30, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

---

[1] The Federal Respondents request that if the Court orders Petitioner's release, "the Court authorize ICE to impose Alternatives to Detention and allow an ankle monitor to be placed on Petitioner," as well as afford them 48 hours to comply with the Court's order. (Doc. 17 at 2). The Federal Respondents do not provide any legal authority or otherwise explain why they need the Court's express permission to monitor Petitioner's release in those specified ways. The Court will order release subject to supervision pursuant to 8 U.S.C. § 1231(a)(3) and leave it to the Federal Respondents to comply with that statute.

c:
Mohammed Afzali
Counsel of Record

4